UNITED STATES of America,
Appellee,

v.

Dudley BLASH, Defendant–Appellant.

Docket No. 00–1738.

United States Court of Appeals,
Second Circuit.

April 9, 2002.

Valerie S. Amsterdam, Amsterdam & Branden, N.Y., NY; Dudley Blash filed a supplemental brief, pro se.

Bonnie Jonas, Ass't U.S. Att'y, SDNY, N.Y., NY, for Appellee.

Present MESKILL, KEARSE and CALABRESI, Circuit Judges.

## SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was submitted by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court, as corrected by an order of the district court dated August 13, 2001, be and it hereby is affirmed.

Appellant Dudley Blash appeals from a corrected judgment of the United States District Court for the Southern District of New York, following a jury trial before Sidney H. Stein, *Judge*, convicting him on count 1 of the indictment, to wit, conspiracy to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846, and sentencing him principally to 121 months' imprisonment, to be followed by a five-year term of supervised release. On appeal, Blash, through counsel, contends principally that the trial court erred in instructing the jury and that it violated the principle announced in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), when it failed to

submit to the jury for a finding, beyond a reasonable doubt, as to the quantity of cocaine base attributable to him for purposes of sentencing under the Sentencing Guidelines ("Guidelines"). In a *pro se* brief, Blash also contends that his right to a speedy trial was violated. Finding no basis for reversal in any of his arguments, we affirm.

### A. The Alleged Speedy-Trial and Instruction Errors

█ Blash's *pro se* contention that his trial was delayed in violation of his rights to a speedy trial under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, and under the Sixth Amendment is without merit. Under the Speedy Trial Act, a reasonable period of delay is allowed when a defendant has been joined for trial with codefendants as to whom the time for trial has not run, unless the court has granted a severance. *See* 18 U.S.C. § 3161(h)(7). In such a multidefendant case, a defendant is not entitled to dismissal of the indictment on Speedy Trial Act grounds if he has not moved for a severance. *See, e.g., United States v. Vasquez*, 918 F.2d 329, 336 (2d Cir.1990). In the present case, Blash did not move for a severance and hence is not entitled to relief under that Act. We decline Blash's invitation to overrule *Vasquez.*

█ In determining whether or not a defendant's Sixth Amendment right to a speedy trial has been violated, the court looks to the length of delay, the reason for the delay, the degree to which the defendant asserted his speedy-trial right in the district court, and whether or not the delay resulted in prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Here, the delay of trial—17 months after Blash's arrest—was not uncommonly long for a multidefendant case, was not unreasonable in the circumstances of this case, and was not shown to have resulted in prejudice to Blash. We see no constitutional violation.

█ Blash contends, through counsel, that he is entitled to a new trial on the grounds that the district court erred in instructing the jury with regard to (a) the availability of witnesses, (b) the possible reasons for his decision not to testify at trial, and (c) the weight to be given to a defendant's postarrest statements. We reject each of these contentions.

█ As to the availability of witnesses, we have noted that a missing-witness instruction is generally inappropriate when an uncalled witness was equally available to both sides. *See, e.g., United States v. Adeniji*, 31 F.3d 58, 65 (2d Cir.1994). It is nonetheless within the trial court's discretion to decide whether to "(1) give no instruction [to the jury] and leave the entire subject to summations . . . , (2) instruct the jury that no unfavorable inference may be drawn against either side . . . , or (3) instruct the jury that an adverse inference maybe drawn against either or both sides." *United States v. Caccia*, 122 F.3d 136, 139 (2d Cir.1997); *see also United States v. Bahna*, 68 F.3d 19, 22 (2d Cir.1995), *cert. denied*, 517 U.S. 1191, 116 S.Ct. 1682, 134 L.Ed.2d 784 (1996).

In the present case, the pertinent uncalled witnesses were a government agent and an informant, and the district court elected to instruct the jury that

[b]oth the government and the defendants have the same power to subpoena witnesses to testify on their behalf. If a potential witness could have been called by the government or by a defendant and neither called the witness, then you may draw the conclusion that the testimony of the absent witness might have been unfavorable to the government or to a defendant or to both.

On the other hand, it is equally within your province to draw no inference at all from the failure of either side to call a witness. Again, I caution you that no defendant has any burden of proof and thus is not required to call any witness. Although the law enforcement agent likely had a closer continuing relationship with the government, making it unlikely that a defendant would wish to subpoena him, the status of the informant at the time of trial is unclear. We cannot conclude that the court abused its discretion, either in the giving of the missing-witness charge or in its contents.

■ We also reject Blash's contention that, after the prosecutor made an impermissible reference, during the cross-examination of a government witness, to the fact that Blash could testify in his own behalf at trial, see, e.g., Carter v. Kentucky, 450 U.S. 288, 305, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981); United States v. Imran, 964 F.2d 1313, 1318 (2d Cir.), cert. denied, 506 U.S. 1009, 113 S.Ct. 626, 121 L.Ed.2d 558 (1992), the court gave inadequate instructions because it did not suggest to the jury reasons why Blash might have decided not to testify, such as fear of public speaking. Immediately after the prosecutor's comment, the court, with the agreement of all parties, instructed the jury to ignore the government's "inadvertent[ ] state[ment] that Mr. Blash could take the stand" and stated

> I instruct you to disregard that statement. The burden of proof in this case is always with the government to prove the defendants' guilt beyond a reasonable doubt. There is no obligation by any defendant to put on a case and no negative inference can be drawn by you from that defendant's failure to put on a case. So disregard that statement

In its final instructions, the court reiterated that Blash had no obligation to testify

or to present any other evidence because it was the prosecution's burden, throughout the trial, to prove the defendant guilty beyond a reasonable doubt; that a defendant is never required to prove he is innocent; that no adverse inference could be drawn against Blash because he did not take the witness stand; and that the jury could not consider that fact in any way in its deliberations. The court was under no obligation to suggest hypothetical reasons for Blash's not testifying. The instructions given were ample to remedy the prosecutor's error.

Nor are we persuaded that Blash is entitled to a new trial because of the district court's instruction to the jury with respect to the weight to be given to defendants' postarrest statements. In referring to the statements of Blash and one codefendant, the court instructed the jury to give such weight to each defendant's statement as the jury felt the statement deserved in all the circumstances, see 18 U.S.C. § 3501(a). Although in adding reference to another codefendant the court did not again refer to the weight to be given to the statements, the instructions as a whole, and as to Blash himself, included all relevant elements. We see no basis for reversal.

## B. The Apprendi Claim

■ Blash contends that, in sentencing him, the district court violated the principle announced in Apprendi by imposing a 10–year mandatory minimum term of imprisonment based on its own finding of drug quantity by a preponderance of the evidence, rather than based on a finding of quantity by the jury beyond a reasonable doubt. Even if we viewed the district court as having thought Blash was subject to a 120–month mandatory minimum, rather than simply as subject to the prescribed

Guidelines range of 121–151 months, we would find no violation of *Apprendi.*

*Apprendi* requires that, other than the fact of a prior conviction, any fact that increases a defendant's sentence above the statutory maximum for the offense of conviction must be submitted to the jury and proven beyond a reasonable doubt. *See* 530 U.S. at 490, 120 S.Ct. 2348. Blash was charged with conspiring to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846. The jury found Blash guilty of conspiracy to distribute cocaine base but was not asked to make a finding with respect to quantity. For a defendant (such as Blash) who has no record of a prior felony drug conviction, the statutory maximum term of imprisonment for such an offense, without regard to quantity, is 20 years. *See id.;* 21 U.S.C. § 841(b)(1)(C). Blash's sentence of 121 months was well below that maximum, and thus there was no *Apprendi* error.

We also reject Blash's contention that a jury determination as to quantity was required before he could properly be subjected to the mandatory minimum sentence provided in 21 U.S.C. § 841(b)(1)(A) (requiring a minimum of 10 years' imprisonment for 50 or more grams of cocaine base). The *Apprendi* Court expressly declined to overrule the principle announced in *McMillan v. Pennsylvania,* 477 U.S. 79, 87–88, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), that sentencing facts that increase the applicable statutory minimum need not be submitted to the jury. *See Apprendi,* 530 U.S. at 487 n. 13, 120 S.Ct. 2348. Nor did Blash's sentence contravene the *Apprendi*-related principle announced in *United States v. Guevara,* 277 F.3d 111 (2d Cir.2001), since the sentence imposed was not above the applicable Guidelines range.

We have considered all of Blash's contentions on this appeal and have found in them no basis for reversal. The judgment of conviction, as corrected by the order of the district court dated August 13, 2001, is affirmed.